JOHN GAMRAT, pro ami, *vs.* WORUMBO MANUFACTURING COMPANY.

Androscoggin.   Opinion December 20, 1912.

*Appreciation of danger.   Accident.   Damages.   Danger.   Exceptions.*
*Fellow servant.   Fright.   Inexperienced.   Immature.   Instructions.*
*Machinery.   Master.   Minor.   Suitable machinery.   Warning.*

An action on the case to recover damages by the plaintiff, a minor, for injuries to his hand which, while he was at work in the defendants' factory on the 18th day of December, 1911, was caught and drawn in between two rollers on a washing machine. It is claimed by the plaintiff that he was inexperienced, ignorant of and did not appreciate the danger. The plaintiff came to this country three years before the accident and had worked one year and eight months in the carding room of the defendant factory, and about fourteen months in other mills where machinery was used. The machine by which the plaintiff was injured consisted in part of two sets of rollers and the plaintiff's work, when injured, was in placing a piece of cloth so it would pass between the rollers.

*Held:* That the plaintiff's experience in various mills where machinery was used for nearly three years must have taught him the danger of contact with revolving wheels and cylinders, and that he must have known and appreciated the danger of the work he was doing. That he would have learned the danger by observation without instructions.

On exceptions by plaintiff.   Overruled.

This is an action on the case to recover for personal injuries sustained while at work in the employ of the defendant corporation in a mill operated by said defendant at Lisbon Falls, in the County of Androscoggin, on the 18th day of December, 1911. The plaintiff claims that while at work assisting in operating a washing machine in the defendants' factory, one of his hands was caught between two rollers on said machine, causing the injuries complained of. Plea, the general issue. At the conclusion of the plaintiff's evidence, the Justice presiding ordered a nonsuit, to which order the plaintiff excepted.

The case is stated in the opinion.

*Getchell & Hosmer,* for plaintiff.

*McGillicuddy & Morey,* for defendant.

SITTING:  WHITEHOUSE, C. J., SAVAGE, KING, HALEY, JJ.

HALEY, J.   This is an action on the case in which the plaintiff, a minor, seeks to recover damages of the defendant, for an injury that the plaintiff claims he sustained by reason of his hand being caught between two rollers in a washing machine, which the plaintiff was assisting another workman in preparing to start up, in the defendant's factory.   The accident took place on the 18th day of December, 1911, the plaintiff being at that time eighteen years of age and having been in this country three years.

When the plaintiff first came to this country he worked one year and eight months in the card room of the defendant, putting wool in the carding machine.   He then went to Connecticut and worked eight months in a scissors factory, sharpening scissors on a grind stone; he then worked six months in a plush mill at Bridgeport; he then returned to Lisbon Falls, Maine, and went to work for the defendant in the finishing room, and had been so employed about two weeks at the time of the accident.

He had, before the day of the accident, been called by a man operating the machine known as the washer to assist him in what is known as threading the machine, the plaintiff says three times, the workmen said four to six times.

The machine upon which the plaintiff was injured consisted, in part, of two sets of rollers.   The work the plaintiff was engaged in when injured, was placing a piece of cloth so it would roll through a second set of rollers; the first set of rollers were about half an inch apart when the cloth was put through, which evidently, when the machine was running, dropped together.   A few feet from the first rollers was another set of rollers about six or eight inches in diameter, one being of copper and one covered with hard rubber. The cloth run from the first set of rollers to the second set, and in order to thread it, or place the cloth so that it would run through the rollers, it was necessary for the workman to stand back of the second rollers, facing the first rollers, and reach over the second rollers and hold the cloth close to the rollers, when the machinery was started, and allow the cloth to roll through, so that it could be taken up over another roller some few feet higher, and it was while placing the cloth in position to run through the second rollers that

the accident happened. The plaintiff testified that the first time he attempted to put the cloth through the second set of rollers he did not succeed, and that another workman finished the job, and the man operating the machine made some talk to him about his being stupid. The day of the accident the plaintiff was called to assist the workman in placing the cloth between the rollers, as above stated, and told to step in and put the cloth through the second set of rollers; he did so by standing facing the rollers and reaching over, holding the cloth some five or six inches from the end, with the ends close to the rollers. The man operating the machine, in plain sight of the plaintiff, asked him if it was all right, and the plaintiff said all right, whereupon the man operating the machine turned on the power to start the cloth through the rollers. According to the testimony, the rollers turned about one-third round, and the plaintiff's hand was drawn in between them so that his fingers were jammed up to the end of his thumb, and he was obliged to have one of his fingers amputated. The man operating the machine testified that he turned on the power as usual, when the cloth was being put through as it was at this time; that is, he started the machine enough to carry the cloth through and then stopped it, that he saw the plaintiff's fingers as they started to go between the rollers and he stopped the machine and released the plaintiff's hand.

There is no allegation in the declaration, or evidence in the case, that the washing machine was not a suitable and proper machine for the purpose for which it was used, or that the master did not furnish a reasonably safe place to perform the work that the plaintiff was performing, when injured; but the action is sought to be maintained because the plaintiff was a minor, and inexperienced in the handling or working of such machines as the washing machine, and because he was immature, and inexperienced, and did not appreciate the danger of operating the machine, and that the defendant did not perform its duty, by properly instructing him of the dangers of operating a washing machine, and, in fact, gave him no instructions, or warnings of the danger of operating the machine.

Did the plaintiff know and appreciate the danger of the work he was doing? It was not his regular work, but he had seen the work done a few times, and had assisted in threading the machine at least twice. For over thirty-four months he had worked in factories;

one year and eight months putting wool in carding machines, where the wool was drawn in as the cloth was he was threading the washing machine with, was drawn in between the rolls; eight months in a scissors factory, grinding scissors, where there must have been revolving wheels and moving machinery; six months weaving in a plush mill, where there must also have been revolving wheels and moving machinery; he then worked two weeks in the defendant's factory among moving machinery. It would seem that his experience in the various mills for practically three years must have taught him the danger of coming in contact with revolving wheels or cylinders. He would have learned the danger by observation, without instruction; he would have learned it as the child learns that fire will burn, that a fall will hurt, or that a sharp instrument will cut. He must have known if his fingers got against the cylinders they would be drawn in between them. He was holding a piece of cloth against the cylinders that it might be drawn in between them. How could he help knowing that, if his hand came in contact with the cylinders, it would be drawn in as the cloth was drawn in? It is true that he testified he was frightened, but was he? What was there to frighten him? He was used to machinery. He had seen the same work done, and knew that the machine would be started but a few inches to allow the cloth to run through the rollers, and that when it was caught between the rollers, he could take his hands off the cloth, and if he did, as he might have done, there was no danger; and if he was afraid that his hand would be drawn in, although he need not have been, he knew the danger, and by the exercise of reasonable care, could have avoided it. When his fellow servant asked him if it was all right to start the machinery, and he replied that it was, he knew the danger, and he knew that his fellow servant was about to start the machinery that turned the rollers, and, although he complains that the machine started quicker than it had at other times, his experience with machinery should have taught him, that the speed of the machine would necessarily be regulated by the amount of power, that sometimes it might start faster than at other times, but in applying power enough to turn the cylinders a third round there could be no appreciable difference in the speed during the different times they were started; and, by the exercise of due care, by allowing the cloth to run through his hands, he

could have avoided all danger. No instruction of the master was needed to inform him of what he must have known. It was not a concealed or an unknown danger, but one that was perfectly apparent to him. *Mott* v. *Packard,* 108 Maine, 259.

Nor do we think the plaintiff's age was such that he should not have appreciated the danger of his employment. It seems incredible that a young man, eighteen years old, with three years' experience among machinery, was not old enough to appreciate the danger of coming in contact with revolving cylinders. It is contrary to human experience to think that he did not appreciate that danger. Reason and experience must have taught him the danger. Intelligence and reason are not developed the instant one becomes of age. From childhood to manhood they are growing and developing. Reason as well as authority says he was of sufficient age to appreciate the danger of coming in contact with machinery in operation. *Mott* v. *Packard,* supra, and cases there cited.

As the plaintiff was of sufficient age to appreciate the danger of the labor he was performing, at the time of the accident, if it was dangerous, and his knowledge of the working of machinery was such that it was not an unknown or an unseen danger, the conclusion is irresistible that the accident was caused by the contributory negligence and want of due care on the part of the plaintiff in not avoiding a danger known to him, and the judgment of nonsuit was properly ordered.

*Exceptions overruled.*